UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ERICK HUGHES JOHNSON,

    Defendant.

_____/

Criminal Case No. 18-20073

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

**OPINION AND ORDER GRANTING ERICK HUGHES JOHNSON'S MOTION FOR EARLY RELEASE UNDER 18 U.S.C. § 3582 [28]**

Defendant-petitioner, Erick Hughes Johnson, was sentenced on September 28, 2018, to five years in prison for possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), and for being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 22, PageID.91). On October 23, 2019, Johnson moved the Court to recommend that he be placed in a Residential Reentry Center for the final twelve months of his sentence. (ECF No. 23). On June 30, 2020, the Court appointed counsel for Johnson so that he could "supplement or amend [that] petition given the change in circumstances created by the effects of the pandemic." (ECF No. 24, PageID.120-21). On August 18, 2020, Johnson moved for early release pursuant to 18 U.S.C. § 3582(c)(1)(A), citing his age, health conditions, and the proliferation of COVID-19 at FCI Elkton. (ECF No. 28, PageID.128). Following a hearing on August 31, 2020, the Court took

Johnson's Motion [28] under advisement. For the reasons stated on the record and in the opinion below, Johnson's Motion [28] is **GRANTED**, and his sentence is reduced to time served.

## BACKGROUND

Johnson was born in Fort Pierce, Florida in 1959 and is the oldest of four brothers. (PSR ¶ 65). He has a good relationship with his siblings, one of whom lives in Detroit. (*Id.*). Johnson's mother, who gave birth to him at age fifteen, also lives in Detroit. (*Id.*). The two remain close. (*Id.*). Johnson's parents were married for approximately fifty years but separated shortly before his father's death in 2017. (*Id.*). Johnson, now a father and grandfather himself, has been married once, and is currently in a committed relationship. (PSR ¶¶ 68-70).

Although Johnson has a lengthy criminal history, he has never been convicted of a crime involving violence. (PSR ¶¶ 35-59). The vast majority of his offenses have involved substance abuse or minor violations like driving without a license. (*Id.*). In his PSR interview, Johnson explained that his substance abuse, including a serious addition to crack cocaine, "affect[ed] his finances and relationships" and "was out of control." (PSR ¶¶ 77, 79).

Substance abuse also appears to have contributed to Johnson's instant offense. In November 2017, Johnson attempted to mail a firearm and ammunition from

Michigan to Colorado via UPS. (PSR ¶ 11). According to Johnson, "[I]f [he] had been in the right state of mind, [he] wouldn't have done this." (PSR ¶ 81).

Johnson was discovered after UPS employees became suspicious of the package, which was labeled "shoes," and reported it to UPS security, who found that it contained a pistol. (PSR ¶¶ 11-12). The situation was reported to the ATF, which investigated and traced the package back to Johnson. (PSR ¶ 13). During the course of the investigation, ATF Agents determined that the pistol had been manufactured outside of Michigan. (*Id.*).

On December 4, 2017, the Agents unsuccessfully attempted to confront Johnson at a meeting with his probation officer. (PSR ¶ 16). Their attempt failed after another probationer informed Johnson that "someone was coming to pick him up," prompting Johnson to leave the building. (*Id.*). On December 27, 2017, the Agents searched Johnson's residence and recovered, among other things, a rifle, ammunition, and several containers of marijuana. (PSR ¶ 17). During the search, Johnson waived his Miranda rights and confessed to sending the package, smoking and selling marijuana, and keeping a weapon in his home for protection. (PSR ¶ 18).

Johnson is currently sixty years-old, incarcerated at FCI Elkton, and scheduled for release on April 29, 2022. *Find an Inmate*, FED. BUREAU PRISONS, https://www.bop.gov/mobile/find_inmate/index.jsp (BOP Register No. 56329-039) (last visited Sept. 20, 2020).

## ANALYSIS

Section 3582(c)(1) of Title 18 of the U.S. Code, colloquially known as the compassionate release statue, provides, in relevant part:

> **(A)** [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > **(i)** extraordinary and compelling reasons warrant such a reduction.
>
> [. . .]
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1).

A. <u>Exhaustion</u>

Before proceeding to the merits of Johnson's claim, the Court must first determine whether Johnson has satisfied the exhaustion requirement of 18 U.S.C. § 3582(c)(1). Johnson was unable to provide the Court with a copy of his original administrative request for release, however, he was able to provide a letter from FCI Elkton that appears to deny his request for compassionate release. (Tr. 3). Though

the letter itself is undated, the envelope in which it was mailed is postmarked July 17, 2020. (*Id.*). In addition, the Government conceded at the hearing on August 31, 2020 that "the exhaustion question [would] go away" if the Court allowed thirty days to elapse from Johnson's most recent request. Consequently, the Court finds that Johnson has satisfied the exhaustion requirement of § 3582(c)(1).

"The Court now has three questions to answer: first, whether extraordinary and compelling reasons warrant a reduction in sentence, second, whether [Johnson] poses a danger to the community, and third, whether a sentence reduction is consistent with the § 3553(a) factors." *Crider v. United States*, No. 01-81028-1, 2020 U.S. Dist. LEXIS 133233, at *4 (E.D. Mich. July 28, 2020).

### B. Extraordinary and Compelling Reasons for Release

In order to ascertain whether there are extraordinary and compelling reasons to release Johnson, the Court must determine if a sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Application Notes to the relevant policy statement provide the following:

> **1. Extraordinary and Compelling Reasons.**—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
> **(A) Medical Condition of the Defendant.—**
>   **(i)** The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability

>   of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>   
>   **(ii)** The defendant is—
>   - **(I)** suffering from a serious physical or medical condition,
>   - **(II)** suffering from a serious functional or cognitive impairment, or
>   - **(III)** experiencing deteriorating physical or mental health because of the aging process,
>   
>   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>   
>   [. . .]
>   
>   **(D) Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. 1B1.13. Here, Johnson has presented "Other Reasons" in combination with "Medical Condition[s]" to warrant compassionate release.

Johnson is sixty-one years-old and has been hypertensive since 2018. (PSR ¶ 65; ECF No. 28-2, PageID.152-53). Hypertension is recognized by the CDC as a condition that may increase the risk of severe illness from COVID-19. *See People with Certain Medical Conditions*, CTRS. FOR DISEASE CTRL. & PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Aug. 14, 2020). In addition to his advanced age and high blood pressure, Johnson also suffers from chronic viral Hepatitis C, latent tuberculosis, hyperlipidemia, and a BMI of 29.8. (ECF No. 28-2, PageID.153,

172). This Court has recognized that several of these conditions, either alone or in combination with one another, can make individuals more vulnerable to COVID-19. *See, e.g.*, *United States v. Andrade*, No. CR 16-20751, 2020 WL 5505344, at *3 (E.D. Mich. Sept. 11, 2020) (BMI of 29.9); *United States v. Watkins*, No. 15-20333, 2020 WL 4016097, at *2 (E.D. Mich. July 16, 2020) (latent tuberculosis); *Cotton v. United States*, No. CR 16-20222-8, 2020 WL 3488752, at *3 (E.D. Mich. June 26, 2020) ("The CDC has recognized hyperlipidemia, along with other chronic diseases, as prevalent in patients hospitalized due to COVID-19.").

In light of the fact that "half the population [at FCI Elkton] have been or are currently infected" with COVID-19, the Court finds that Johnson's medical conditions constitute extraordinary and compelling reasons for release. (ECF No. 28, PageID.128). Indeed, the Government seemed to concede as much at the hearing by stating that "there's no chance [Johnson is] not at risk." (Tr. 9).

C. Dangerousness

Federal Sentencing Guideline 1B1.13 provides for compassionate release only when "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." The Government argues that Johnson poses a danger upon release because he was dangerous at the time of sentencing. (ECF No. 30, PageID.205).

Since entering BOP custody, Johnson has received zero disciplinary infractions. (ECF No. 28-4, PageID.179). Johnson has also completed several hundred hours of educational courses and programming, including the Drug Education course and the Non-Residential Drug Treatment Program. (ECF No. 28-5, PageID.181; ECF No. 28-6, PageID.185). Johnson's successful completion of these drug programs is particularly relevant to the Court's assessment of dangerousness, as Johnson's history of substance abuse goes both his current offense and the vast majority of his criminal history. The Government seemed to agree to some extent at the hearing, conceding that Johnson may actually be less dangerous now than he was at the time of sentencing in light of his program participation. (Tr. 16). Upon release, Johnson would have the support of both his mother and brother, including housing. (ECF No. 28, PageID.145). Johnson would also be well-placed to find work as a handyman, building off his prior work experience. (PSR ¶ 87).

Consequently, while the Government is correct that Johnson has a lengthy criminal record, the Court is not persuaded that Johnson will pose a danger upon release. Johnson, who has never been convicted of a crime of violence, has struggled with a severe substance abuse disorder for many years. (PSR ¶¶ 35-59, 77-82). The majority of his prior convictions stem from this disorder, and the Court finds that he has worked hard to secure treatment while in prison. This initiative, combined with

his exemplary disciplinary record and the support he can expect from his family, persuades the Court that Johnson will not pose a danger if released.

<u>Section 3553(a) Factors</u>

The last step a district court contemplating a motion for compassionate release must take is to consider the sentencing factors provided by 18 U.S.C. § 3553(a). Those are as follows:

> **(a) Factors to be considered in imposing a sentence.** The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
> **(2)** the need for the sentence imposed—
>     **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     **(B)** to afford adequate deterrence to criminal conduct;
>     **(C)** to protect the public from further crimes of the defendant; and
>     **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> **(3)** the kinds of sentences available;
> **(4)** the kinds of sentence and the sentencing range established for—
>     **(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>     [. . .]
> **(5)** any pertinent policy statement—
>     [. . .]

    **(6)**  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    **(7)**  the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)

The Court's consideration of these factors is demonstrated both in this opinion's analysis of U.S.S.G. 1B1.13 and on the record of the August 31, 2020 hearing. Given that this was a non-violent crime and Johnson's first time in federal custody, the Court finds that the nearly three years he has served thus far will sufficiently deter any future criminal conduct. This period of incarceration has also promoted Johnson's respect for the law, as evidenced by his absence of disciplinary history while incarcerated. Moreover, because of the pandemic, very few rehabilitative services are currently available to Johnson at FCI Elkton, where he remains at risk. Consequently, a sentence reduction to time served is consistent with the § 3553(a) factors.

## Conclusion

**IT IS ORDERED** that Johnson's Motion for Early Release [28] is **GRANTED** and that his sentence is reduced to time served.

**IT IS FURTHER ORDERED** that Johnson be **IMMEDIATELY RELEASED** to begin his three-year term of **SUPERVISED RELEASE**, as outlined by the September 28, 2018 Judgment (ECF No. 22, PageID.93), including the following Special Conditions:

**The defendant shall undergo a strict fourteen-day quarantine upon release and shall fully comply with any applicable state or local stay-at-home orders, social distancing guidelines, or other public health restrictions.**

**The defendant shall participate in a program approved by the Probation Department for substance abuse, which may include testing to determine if the defendant has reverted to the use of drugs or alcohol, if necessary.**

**SO ORDERED**.

Dated: September 21, 2020

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge